IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIKA P., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00040-G-BT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
|    Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Shamika P.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 4). For the reasons explained below, the undersigned RECOMMENDS that the Court REVERSE the decision and REMAND the case to the Commissioner.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## Background

Plaintiff alleges that he is disabled due to hip, knee, and ankle injuries, osteoarthritis, a history of human immunodeficiency virus (HIV), prediabetic symptoms, and various anxiety disorders. *See* Pl.'s Br. 7-13 (ECF No. 22); Admin. R. 63 (ECF No. 19-1). He was born in 1980 and was 36 years old at his alleged disability onset. *See* Admin. R. 62, 83. Plaintiff completed the twelfth grade and has past work experience as a deliverer, fast food cook, driver, and industrial truck operator. *Id.* at 73, 119.

On May 21, 2018, Plaintiff applied for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). *Id.* at 308-18. In his application, Plaintiff alleged disability beginning January 1, 2011, but he later amended the alleged onset date to September 22, 2017. *Id.* at 60. After the Commissioner denied Plaintiff's application initially, *id.* at 229, and upon reconsideration, *id.* at 240, a hearing to determine Plaintiff's disability status was held before an administrative law judge (ALJ). *Id.* at 60. The hearing took place in Dallas, Texas, on December 3, 2019. *Id.* at 107.

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to SSI. *Id.* at 57. In his decision, the ALJ went through the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant

work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 22, 2017. Admin. R. 63. At steps two and three, the ALJ found that Plaintiff had the severe impairments of degenerative changes of the hips and pelvis with history of left hip problems; slipped capital femoral epiphysis; degenerative joint disease of the knee; degenerative changes of the right ankle; pes planovalgus and callous formation; HIV; obesity; and generalized anxiety and depressive disorders. *Id.* But the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 64-66. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> He can lift/carry and push/pull ten pounds occasionally and less than ten pounds frequently. He can stand/walk for two hours and sit for six hours in an eight-hour workday, requiring a cane for ambulation and the ability to alternate positions for five minutes every hour. He cannot operate foot controls or climb, but can occasionally balance, stoop, kneel, crouch, and crawl. He cannot work at unprotected heights or in proximity to hazardous moving machinery. [He] can understand, remember, and carry out detailed but not complex work-related instructions and make detailed but not complex work-related decisions. [He] must avoid interaction with the public and is limited to work that is generally performed independently of others (i.e. no need to coordinate with others for performance of job functions). Additionally, [he] requires a ten-minute break every two hours of work.

3

*Id*. at 67. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could not perform his past relevant work but could perform other work that exists in significant numbers in the national economy, including the jobs of addresser, document preparer, and production worker. *Id*. at 73-74.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id*. at 7-9. The Council denied review. *Id*. at 7. Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled. Specifically, Plaintiff argues that the ALJ lacks the proper authority to render a decision on his disability claim, that the ALJ's RFC determination is not supported by substantial evidence, and that the ALJ's determination that Plaintiff can perform other work that exists in significant numbers in the national economy is not supported by substantial evidence. Pl.'s Br. 5.

**Legal Standard**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere

scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation marks and citation omitted))).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support his decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Among Plaintiff's arguments is a single ground that compels remand—that the ALJ did not have substantial evidence to show that Plaintiff could perform other gainful employment in the national economy. Specifically, Plaintiff argues that the ALJ failed to meet the Commissioner's burden at step five because the VE's testimony directly contradicted the ALJ's step-five finding.

While "the claimant bears the burden of proof on the first four steps[,] . . . the burden shifts to the Commissioner for the fifth step." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). And when, as in this case, "the claimant suffers from nonexertional impairments or a combination of exertional and nonexertional impairments, . . . the Commissioner must rely on a vocational expert to establish that" the claimant can perform jobs present in the national economy. *Id.* at 458. However, ambiguous, contradictory testimony by a VE is not substantial evidence sufficient to meet the Commissioner's burden to show that a claimant can perform

5

other work in the national economy. *See, e.g.*, *Osborn v. Berryhill*, 2017 WL 4342127, at *6 (N.D. Tex. Sept. 12, 2017) (Averitte, J.) (holding that an ALJ failed to meet the Commissioner's step-five burden by relying on inadequate and contradictory VE testimony), *rec. adopted*, 2017 WL 4342111 (N.D. Tex. Sept. 28, 2017); *Chavez v. Apfel*, 2001 WL 169732, at *6-7 (N.D. Tex. Jan. 17, 2001) (Averitte, J.) (same for vague or conflicting VE testimony).

At Plaintiff's disability hearing, the ALJ asked the VE a hypothetical question about what jobs an individual with an RFC functionally identical to Plaintiff's—including a requirement to take a ten-minute break every two hours—might perform in the national economy. Admin. R. 150. The VE then testified that such an individual could perform the positions of addresser, document preparer, and production worker. *Id.* at 150-51. In response, the ALJ asked whether those positions would be affected if "we added that the individual would need the opportunity to alternate positions . . . for five minutes every hour." *Id.* at 151. The VE testified that such a requirement "would not affect the positions identified," going on to clarify that such a requirement "could be accommodated by off-task tolerances." *Id.* at 151-52. However, the ALJ next asked the VE what the tolerance "for breaks of off-task behavior in the course of a workday" would be in the jobs identified by the VE. *Id.* at 152. The VE responded that the jobs would tolerate "approximately five minutes [of off-task behavior] in an hour," and that "anything more than that would preclude . . . all competitive employment." *Id.*

6

Plaintiff argues that the VE's testimony clearly establishes that Plaintiff cannot perform any work substantially available in the national economy based on the ALJ's RFC determination. Pl.'s Br. 21-22. In so doing, Plaintiff points to the ALJ's RFC—noting that the RFC states that Plaintiff requires "the ability to alternate positions for five minutes every hour . . . [and, a]dditionally, . . . a ten-minute break every two hours of work." Admin. R. 67. Plaintiff reasons that the ALJ's RFC thus includes twenty minutes off-task behavior for every two hours of work. Pl.'s Br. 22. Accordingly, Plaintiff asserts that the ALJ's conclusion that Plaintiff can perform other work in the national economy is directly contradicted by the VE's statement that any more than "five minutes an hour" of off-task behavior would preclude "[a]ll competitive employment." Admin. R. 152. Plaintiff contends that the Commissioner's step-five determination is thus not supported by substantial evidence. Pl.'s Br. 22-23.

The Commissioner, meanwhile, makes two arguments that "the ALJ's RFC finding that Plaintiff would require ten-minute breaks every two hours is equivalent to five-minute breaks every hour," which the VE testified was acceptable. *Id.* at 20. First, the Commissioner argues that the VE's testimony relating to "breaks or off-task behavior . . . did not include alternating positions," thereby claiming that changing positions is not off-task behavior. *Id.* Second, the Commissioner asserts that the requirement "to alternate positions was [not] an additional and separate off-task behavior" from the requirement to take a ten-

7

minute break every two hours, thus asserting that the five-minute change of position each hour could count towards the ten-minute break every two hours.

The Commissioner's arguments are not persuasive. First, the Commissioner's assertion that changing positions is not off-task behavior is belied by the VE's direct statement that, because the hypothetical individual would "need the ability to maintain at the sedentary position[, a] . . . five-minute change of position every hour could be accommodated by *off-task* tolerances, but every 30 minutes would exceed those tolerances." Admin. R. at 152 (emphasis added). Second, the ALJ's RFC determination makes it clear that Plaintiff requires "the ability to alternate positions for five minutes every hour . . . [and *a*]*dditionally* . . . requires a ten-minute break every two hours." *Id.* at 67 (emphasis added). The ALJ's use of the word additionally makes it clear that the ten-minute break is a unique and separate requirement from the five-minute change of position. Moreover, even if the requirements were combined, Plaintiff would still need at least fifteen minutes off every two hours—five minutes to change positions in the first hour, and ten minutes of break time (including the necessary five minutes for change of position) in the second hour.

After closely examining the record, the Court finds that, at best, the VE gave contradictory testimony—saying initially that a five-minute change of position every hour along with a ten-minute break every two hours would be acceptable, but then claiming that absolutely no more than five minutes of off-task behavior every hour would be tolerated. *Id.* at 151-52. When a VE gives inherently

8

inconsistent, conflicting, or contradictory testimony, such testimony is insufficient to carry the Commissioner's step-five burden. *See, e.g.*, *Osborne*, 2017 WL 4342127, at * 6 (holding that the VE's "contradictions and/or ambiguous statements" were "not adequate" to meet the Commissioner's burden); *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1282–83 (11th Cir. 2020) ("The vocational expert's testimony was internally inconsistent, and created a critical void in the record. It is not our job or duty to speculate on what the testimony would have been without the error."); *Kimbra L. v. Acting Comm'r of Soc. Sec.*, 2021 WL 3088713, at *4 (W.D. Wash. July 22, 2021) ("The Court is not persuaded that the ALJ met his burden . . . by relying on VE testimony that was internally inconsistent."); *see also Fister v. Astrue*, 2012 WL 4685358, at *26 (N.D. Cal. Sept. 30, 2012) (finding that an ALJ's step-four determination that the plaintiff could perform his past relevant work was flawed because the ALJ relied on "internally inconsistent" VE testimony); *Duran v. Astrue*, 654 F. Supp. 2d 1298, 1304 (D. Colo. 2009) (same regarding an ALJ's step-five finding).

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected," Plaintiff must show he was prejudiced by the ALJ's failure to accord his step-five finding with the VE's testimony. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). To establish prejudice, Plaintiff must show this failure of the ALJ to properly consider the VE's testimony casts doubt onto the existence of substantial evidence supporting the disability

9

determination. *See McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 828, 827 (N.D. Tex. 2009) (Boyle, J.) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

Here, the contradiction between the ALJ's step-five finding and the VE's testimony is material. Critically, the burden is on the Commissioner at step five to identify gainful employment available in the national economy that Plaintiff can perform. *Jeff Ivan M.*, 2019 WL 3847992, at *6 (citing *Myers v. Apfel*, 238 F.3d 617, 621-22 (5th Cir. 2001)). Accordingly, because the ALJ was required to rely on the testimony of a VE, pointed to no other evidence supporting the contention that Plaintiff could perform other work in the national economy, and failed to reform or even address the VE's contradictory testimony, the ALJ did not carry the Commissioner's step-five burden, and his opinion is not supported by substantial evidence. The ALJ's decision must thus be reversed.

Plaintiff further requests that the Court order that his request for benefits be granted, because "VE testimony establishes that [Plaintiff] is not capable of performing competitive work given the functional limitations found by the ALJ to be supported by the record." Pl.'s Br. 27. However, as noted above, the VE's testimony is contradictory—stating at one point that Plaintiff's restrictions would not prevent employment and at another point that his restrictions would prevent

all employment. Therefore, additional fact finding is required, and Plaintiff's claim for benefits must be remanded for further proceedings at the agency level.

Finally, Plaintiff also argues the ALJ lacked constitutional authority to adjudicate his claim, and that the ALJ failed to properly consider all the medical opinion evidence. *See generally* Pl.'s Brief 17-20, 27-34. The Court pretermits consideration of these arguments because the Court finds the ALJ's determination that Plaintiff can perform other work substantially present in the national economy is not supported by substantial evidence.

## Recommendation

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should REVERSE the hearing decision and REMAND the case to the Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

**SIGNED ON** May 9, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).